UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
AT INDIANAPOLIS

|  |  |
|---|---|
| ELAINE L. CHAO, Secretary of Labor,<br>United States Department of Labor,<br><br>Plaintiff,<br><br>v.<br><br>TECHNENGINEERING SERVICES, INC. and<br>the TECHNENGINEERING SERVICES, INC.<br>401(k) PROFIT SHARING PLAN AND TRUST,<br><br>Defendants. | Case No.<br>1:08-CV-0709-DFH-JMS<br><br>Judge David F. Hamilton<br><br>Magistrate Jane E. Magnus-Stinson |

### DEFAULT JUDGMENT AS TO DEFENDANT TECHNENGINEERING SERVICES, INC.

Plaintiff Elaine L. Chao, Secretary of Labor, United States Department of Labor, Plaintiff ("Plaintiff") in the above-styled action, having filed her complaint; Defendant Technengineering Services, Inc. having been served through Barbara Fuller, wife of Thomas B. Fuller, President and Registered Agent of Defendant Technengineering Services, Inc.; Defendant having failed to plead or otherwise defend within the time prescribed by law; default of Defendant having been duly entered by the Clerk of this Court on August 13, 2008, upon the application of the Plaintiff; and the truth of the allegations contained in the Plaintiff's complaint having been verified by the declaration of the Plaintiff's investigator; now, therefore upon application of the Plaintiff and for cause shown,

**JUDGMENT IS HEREBY ENTERED** against Defendant Technengineering Services, Inc. in accordance with the prayer of the complaint in the above-styled action; and it is:

**ORDERED, ADJUDGED, AND DECREED** that:

A.	Defendant Technengineering Services, Inc. is removed as a fiduciary of the Plan effective upon the appointment of the independent fiduciary set forth in paragraph B below.

B.	The following independent fiduciary is appointed to oversee the Plan after Technengineering Services, Inc. is removed as a fiduciary:

>	AMI Benefit Plan Administrators, Inc.
>	230 Windsor Drive
>	Cortland, Ohio 44410

C.	As the Plan's independent fiduciary, AMI Benefit Plan Administrators, Inc. shall have the following powers, duties and responsibilities:

1. The independent fiduciary shall have responsibility and authority for terminating the Plan.  Such terminations shall be made in accordance with the Plan's governing documents, the Employee Retirement Income Security Act of 1974, as amended, 29 U.S.C. §1001 et seq., and the Internal Revenue Code.  While not required to obtain a determination letter to terminate the Plan under ERISA or the IRC, the independent fiduciary shall make a determination as to whether it is prudent to go through the determination letter process for the Plan;

2. The independent fiduciary's responsibilities with respect to the termination of the Plan shall include, but not be limited to, liquidating the Plan's assets, communicating with participants regarding the termination of the Plan and their disbursal options, calculating the participant and beneficiaries account balances, and filing appropriate termination papers with the Internal Revenue Service and the Department of Labor;

3. The independent fiduciary shall have responsibility and authority to collect, liquidate, and manage such assets of the Plan for the benefit of the eligible participants and

beneficiaries for the Plan who are entitled to receive such assets, until such time that the assets of the Plan are distributed to the eligible participants and beneficiaries of the Plan;

    4. The independent fiduciary shall exercise reasonable care and diligence to identify and locate each participant and beneficiary of the Plan who is eligible to receive a payment under the terms of the Plan and to disburse to each such eligible participant or beneficiary the payment to which he or she is entitled;

    5. The independent fiduciary shall have full access to all data, information and calculations in the Plan's possession or under their control, including that information contained in the records of the Plan's custodial trustees and other service providers, bearing on the distribution of benefit payments, participant account balances and current plan assets;

    6. The independent fiduciary may terminate any current service providers to the Plan and retain such persons and firms including, but not limited to, accountants and attorneys, as may be reasonably required to perform his duties hereunder;

    7. The independent fiduciary shall obtain bonding in an amount that meets the requirements of ERISA 412, 29 U.S.C. 1112;

    8. The independent fiduciary shall be paid no more than $750.00 as identified in the attached fee proposal (Exhibit B) and may be paid from the assets of the Plan.  The cost of fiduciary liability insurance and the fidelity bond is included in the above sum of $750.00.  Fees incurred in administering the Plan beyond those specified must be submitted to the Court.  If no party or the Court objects within 30 days, the fees may be paid from assets of the Plan.

    9. The independent fiduciary shall not be responsible for bringing any action on behalf of the Plan against any prior fiduciaries or service providers of the Plan for violations of state or federal law that occurred prior to the date of the independent fiduciary's appointment.

The independent fiduciary shall be responsible for pursuing any violations of ERISA that occur after its appointment as the independent fiduciary by this Court.

10. The independent fiduciary may not be held responsible or liable for any claim against the Plan or related entities that existed, arose, matured or vested prior to his appointment as independent fiduciary for the Plan.

D.  Nothing in this Judgment as to Technengineering Services, Inc. is binding on any government agency other than the United States Department of Labor;

E.  The United States Marshal is ordered to cause a true copy of this judgment to be served on Defendant Technengineering Services, Inc.

F.  Defendant Technengineering Services, Inc. pays the costs of this action, including the United States Marshal's fee and expenses for service of a true copy of this judgment.

Dated: This  25th  day of  August , 2008.

_____,
**HONORABLE DAVID F. HAMILTON**
UNITED STATES DISTRICT COURT JUDGE

Technengineering Services, Inc.
President Thomas B. Fuller
715 SW 51st Terrace
Cape Coral, FL 33914

Janice L. Thompson
U.S. Department of Labor
881 Federal Office Building
1240 East Ninth Street
Cleveland, Ohio  44199


AMI Benefit Plan Administrators, Inc.

*More than just administration...*

EXHIBIT B

December 14, 2007

Anthony J. Monjure III
US Department of Labor
1885 Dixie Highway
Fort Wright, KY 41011-2664

Re: Proposal for Technengineering Services, Inc 401(k) Profit Sharing Plan and Trust

Dear Mr. Monjure:

The following is the AMI Benefit Plan Administrators, Inc. proposal to become a fiduciary and terminate the Technengineering Services, Inc 401(k) Profit Sharing Plan and Trust. The price is based on the following actions:

1. Conduct appropriate correspondence with the three participants.
2. Take all action necessary to complete the distribution of assets to participants.
3. Take all actions necessary to terminate the Plan.
4. File a final Annual Report (Form 5500).

*Total Cost $750.00*

Cordially,

Timothy J. Halchuck
CEO

230 Windsor Drive  Cortland, Ohio 44410  330-638-7520  1-800-451-2865  Toll Free Fax 1-866-436-6703  www.amibenefit.com